UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Campbell, Jr., # 274477,<br><br>        Plaintiff,<br><br>vs.<br><br>Molly Crum, Asst Attorney General;<br>Gwenblyne or Gwendlyne Young Smalls, P.C.R. Attorney;<br>Robert Fitzsimmons, Attorney;<br>Jarrett Douglas, Officer;<br>Charles Gonzales or Gonzalez, Officer;<br>Carol A. McCurry, Solicitor;<br>Barbara McIlwain, Victim;<br>Eleanor Duffy Cleary;<br>Henry McMaster, Attorney General,<br><br>        Defendants. | C/A No. 8:10-1880-TLW-BHH<br><br>REPORT AND RECOMMENDATION |

  This matter is before the court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's complaint should be dismissed if he fails to timely pay the full filing fee. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and in this action he does not allege that he is under imminent danger of serious physical injury. *See Campbell v. Fitzsimmons*, 8:09-2249-TLW (D.S.C. Dec. 11, 2009) (Docket Entry # 22); *Campbell v.*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

*Fitzsimmons*, 8:10-92-TLW (D.S.C. March 11, 2010) (Docket Entry # 37); and *Campbell v. Fitzsimmons*, 8:10-910-TLW (D.S.C. May 28, 2010) (Docket Entry # 30).[2]

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

In this case, Plaintiff is incarcerated at the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed this civil rights complaint alleging, among other things, he is falsely imprisoned, he did not receive a fair trial due to juror bias and ineffective assistance of counsel, he was maliciously prosecuted, and his

---

[2] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

arrest and the search warrant were illegal. Plaintiff seeks $500 million in damages. Further, Plaintiff requests that his civil rights complaint be additionally construed as petition for writ of habeas corpus and that he be immediately released from prison.[3]

As noted above, Plaintiff has filed three prior civil actions in this court in which a "strike" has been entered because the civil actions were dismissed as frivolous, malicious, or failing to state a claim. *See McLean v. U.S.*, 566 F.3d 391 (4th Cir. 2009). In light of Plaintiff's being subject to the "three-strikes" rule, Plaintiff cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3rd Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff should be required to pay the full filing fee. If Plaintiff timely pays the filing fee, his complaint will then be subject to review by the undersigned to determine if service of process should be authorized. If Plaintiff does not timely pay the full filing fee,

---

[3] Release from prison is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). Plaintiff can obtain a blank federal § 2254 habeas form from the Office of the Clerk of Court if he desires to file a habeas action. However, if Plaintiff seeks to file a second or successive § 2254 petition, he must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). Plaintiff can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517).

this action should be dismissed without prejudice and without service of process by the District Judge.

### Recommendation

Accordingly, it is recommended that Plaintiff's motion to proceed *in forma pauperis* should be denied. It is further recommended that Plaintiff be given fifteen (15) days from the date the District Judge rules on this Report and Recommendation to pay the full filing fee (currently $350)[4]. If Plaintiff fails to timely pay the full filing fee, the Clerk of Court shall refer this action to the District Judge for an additional order to dismiss this action, and it is recommended that this action should be dismissed without prejudice. Should Plaintiff timely pay the full filing fee, the Clerk of Court shall refer this matter to the undersigned to conduct a review of Plaintiff's complaint under § 1915A.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 11, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[4] Payment should be made to: *Clerk, U.S. District Court*, 901 Richland Street, Columbia, South Carolina, 29201.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St. Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).