IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmy Campbell, Jr., # 274477, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Molly Crum, Asst Attorney General; )<br>Gwenblyne or Gwendlyne Young )<br>Smalls, P.C.R. Attorney; )<br>Robert Fitzsimmons, Attorney; )<br>Jarrett Douglas, Officer; )<br>Charles Gonzales or Gonzalez, Officer; )<br>Carol A. McCurry, Solicitor; )<br>Barbara McIlwain, Victim; )<br>Eleanor Duffy Cleary; )<br>Henry McMaster, Attorney General, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 8:10-1880-TLW-BHH |

# **ORDER**

Plaintiff, Jimmy Campbell, Jr. ("plaintiff"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 1983 on July 20, 2010. (Doc. # 1). An amended complaint was filed on August 3, 2010. (Doc. # 13).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks to whom this case had previously been assigned. (Doc. # 21). In the Report, the Magistrate Judge recommends that the District Court deny the plaintiff's motion to proceed *in forma pauperis*. (Doc. # 21). The plaintiff filed objections to the report as well as additional attachments to the objections. (Docs. # 25, 29, 34, 35). In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party

>may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 21). Therefore, for the reasons articulated by the Magistrate Judge, the plaintiff's motion to proceed *in forma pauperis* is denied. The plaintiff has fifteen (15) days from the filing date of this Order to pay the full filing fee. If the plaintiff fails to timely pay the full filing fee, the Clerk of Court is directed to refer this action back to this Court so that it may dismiss this action without prejudice. If the plaintiff timely pays the filing fee, the Clerk of Court is directed to refer this matter to the Magistrate Judge assigned to this case for a review of the plaintiff's complaint under 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
    United States District Judge

January 7, 2011
Florence, South Carolina